No. 58,885

In the Matter of the Petition of ROGER D. THOMPSON for Reinstatement.

(776 P.2d 474)

Opinion filed July 14, 1989.

*Per Curiam:* On March 28, 1986, the petitioner, Roger D. Thompson, was disbarred. *In re Thompson*, 239 Kan. 144, 716 P.2d 194 (1986). On January 4, 1988, Mr. Thompson filed a petition for reinstatement to the practice of law in Kansas pursuant to Supreme Court Rule 219 (1988 Kan. Ct. R. Annot. 135). The petition was duly referred to the disciplinary administrator for consideration by a panel of the Board for Discipline of Attorneys. On May 16, 1988, a hearing was held before the panel in the Kansas Judicial Center, Topeka, Kansas.

On May 5, 1989, the panel filed its report with the court wherein the panel unanimously recommended that the petition for reinstatement be denied. Petitioner did not file exceptions to the panel report and, pursuant to Supreme Court Rule 219(d), the matter is deemed submitted for consideration by this court.

This is Mr. Thompson's second petition for reinstatement. His first petition was filed on October 9, 1986, and the panel, relying on *State v. Russo*, 230 Kan. 5, 630 P.2d 711 (1981), unanimously recommended that, due to the seriousness of the underlying offense, the petition should be denied without consideration of evidence as to the petitioner's rehabilitation.

The panel in its report sets out a detailed analysis of Mr. Thompson's misconduct resulting in his disbarment. We need not repeat that analysis here, but simply note that this court concurred in the original panel's finding and conclusion that Mr. Thompson's actions constituted flagrant violations of the Code of Professional Responsibility and ordinary moral principles.

In considering the present petition for reinstatement, the panel reviewed the factors set out in *Russo*. In *Russo*, we held:

"Factors to be considered in determining whether a former attorney should be readmitted to the practice of law include: (1) the present moral fitness of the petitioner; (2) the demonstrated consciousness of the wrongful conduct and disrepute which the conduct has brought the profession; (3) the extent of

petitioner's rehabilitation; (4) the seriousness of the original misconduct; (5) conduct subsequent to discipline; (6) the time elapsed since the original discipline; (7) the petitioner's character, maturity and experience at the time of the original discipline; and (8) the petitioner's present competence in legal skills." 230 Kan. 5, Syl. ¶ 4.

The panel applied these factors to the present case and concluded that the original misconduct was very serious and found Mr. Thompson's conduct subsequent to his disbarment no less serious. The panel concluded that "subsequent to disbarment the Respondent has given perjured testimony and the justification therefore given by the Respondent . ... is also repugnant to the moral fitness required for the practice of law in this state." The panel found no demonstration by Mr. Thompson that he is conscious of his wrongful conduct and of the disrepute which his conduct has brought the profession. The panel concluded by stating: "Unfortunately for Respondent the evidence supporting disbarment is now stronger than it was in the original hearing."

The panel carefully reviewed and applied the factors set forth in *Russo* and, in so doing, unanimously recommended that Mr. Thompson's petition for reinstatement be denied. We agree, and find it would not be in the best interests of justice and the people of the State of Kansas to reinstate Mr. Thompson to the practice of law.

The petition for reinstatement to the practice of law in Kansas must be and is hereby denied.